USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN GENERAL LIFE INSURANCE COMPANY,

                    Plaintiff,

-against-

DAVID GOTTDENGER,

                    Defendant.

No. 09-cv-07083 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff American General Life Insurance Company ("Plaintiff") brings this action against Defendant David Gottdenger ("Defendant") asserting claims for breach of contract, breach of fiduciary duty, and unjust enrichment. Plaintiff's claims arise out of the payment of compensation and commissions to Defendant in connection with the issuance of life insurance policies by Plaintiff in 2005 and 2006.

    Before the Court is Plaintiff's motion for summary judgment. For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND

    Local Civil Rule 56.1(b) requires that the non-moving party's "papers opposing a motion for summary judgment . . . include a correspondingly numbered paragraph responding to each numbered paragraph in the [56.1] statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Loc. Civ. R. 56.1(b). Defendant failed to submit a 56.1 statement in opposition to Plaintiff's motion as required by the Court's local rules. Defendant's failure to specifically controvert the statements made in

Plaintiff's 56.1 statement results in Plaintiff's statements being deemed admitted for purposes of this motion. Loc. Civ. R. 56.1(c); *see Davis-Bell v. Columbia Univ.*, 851 F. Supp. 2d 650, 658 (S.D.N.Y. 2012). Nevertheless, in light of Defendant's *pro se* status, the Court has conducted its own review of the record and confirmed that the facts set forth below are undisputed. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("While a court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements, it may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement.") (internal quotation marks and citations omitted).

Defendant entered into an Agency Agreement (the "Agency Agreement") with Plaintiff on or about October 18, 2005. (Pl.'s 56.1 ¶ 1.) The Agency Agreement authorized Defendant to solicit life insurance applications for Plaintiff, for which Defendant would be paid commissions if and when Plaintiff issued the insurance policies. (*Id.* ¶¶ 2-3.) The Agency Agreement included a provision for the return of these commissions in certain circumstances:

> Whenever, after delivery, the insurer shall effect or procure the surrender, rescission or cancellation of any policy and refund premiums paid thereon, the insurer shall have the right to charge back commissions and demand that the REPRESENTATIVE repay such commissions to the insurer.

(*Id.* ¶ 4.)

In November 2005 and March 2006, Defendant submitted to Plaintiff two distinct applications for life insurance to insure the life of D.S.[1] (*Id.* ¶¶ 5, 7.) Plaintiff executed, issued, and delivered life insurance policies for both applications in December 2005 and March 2006, respectively (hereafter referred to as the "2005 Policy" and "2006 Policy," respectively, and collectively as "the Policies"). (*Id.* ¶¶ 6, 8.) Defendant received compensation and commissions

---

[1] The full name of the insured is abbreviated herein to protect the insured's identity in accordance with the Stipulated Confidentiality Order signed by Magistrate Judge George A. Yanthis on August 9, 2010. (Docket No. 7.)

in the amounts of $324,688.00 for the 2005 Policy and $476,081.00 for the 2006 Policy.  (*Id.* ¶¶ 9-10.)

Following the death of D.S. and the initiation of legal action by Plaintiff as a result of purported material misrepresentations in the applications underlying the Policies, Plaintiff and the policy holders reached a Confidential Settlement Agreement and Release (the "Settlement Agreement") to rescind the 2006 Policy.  (*Id.* ¶¶ 11-12; Declaration of Robert Lesko, Docket No. 34, Ex. A, ¶ 1 ("The Parties agree and acknowledge that the Policy is hereby rescinded, *ab initio*, no longer exists, and is completely without legal effect as of the Effective Date."))  Plaintiff also previously refunded all premiums paid for each of the Policies.  (Pl.'s 56.1 ¶ 13.)

Following rescission of the Policies and Plaintiff's refunding of the premiums, Plaintiff demanded repayment of the related compensation and commissions from Defendant in accordance with the Agency Agreement.  (*Id.* ¶ 14.)  Defendant refused to repay the commissions.  (*Id.* ¶ 15.)

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to

the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summary order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250.

   Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Moreover, "[a non-moving party's] self-serving statement, without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment." *Fincher v. Depository Trust &*

*Clearing Corp.*, No. 06 Cv. 9959 (WHP), 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008) *aff'd*, 604 F.3d 712 (2d Cir. 2010) (citing *Gonzales v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 353 (S.D.N.Y. 2003)).

## DISCUSSION

Plaintiff seeks repayment of the commissions paid to Defendant in connection with the issuance of the 2006 Policy based on the terms of the Agency Agreement. To determine whether summary judgment is appropriate, the Court turns to the terms of the Agency Agreement itself.

A fundamental principle of contract law is that agreements are to be interpreted in accordance with the parties' intent. *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002). The best evidence of the parties' intent is what is contained within their writing. *Id.* (quoting *Slamow v. Del Col*, 79 N.Y.2d 1016, 1018 (1992)); *see also Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 180 (2d Cir. 2010) ("When interpreting a contract, the 'intention of the parties should control . . . [, and] the best evidence of intent is the contract itself.'") (internal citation omitted) (alteration in original). Words of a contract are to be given a "fair and reasonable meaning" in accordance with the parties' intent. *Sutton v. E. River Sav. Bank*, 55 N.Y.2d 550, 555 (1982) (quoting *Heller v. Pope*, 250 N.Y. 132, 135 (1928)). The terms of an agreement must be considered not in isolation from context, but in light of the overall obligation and intention of the parties as manifested therein. *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (citing *Kass v. Kass*, 91 N.Y.2d 554, 566 (1998)).

When there exists a dispute over the meaning of a contract, the court must determine whether the terms are ambiguous. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2d Cir. 2000). Whether the terms of a contract are ambiguous or unambiguous is a question of law for the court to decide. *Id.* An agreement that is clear and unambiguous on its face must be

5

enforced according to the plain meaning of its terms. *See Greenfield*, 98 N.Y.2d at 569 (*citing R/S Assoc. v. N.Y. Job Dev. Auth.*, 98 N.Y.2d 29, 32 (2002)). Where the language of an agreement is deemed ambiguous, "its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment." *Pepco Constr. of N.Y., Inc. v. CNA Ins. Co.*, 15 A.D.3d 464, 465 (2d Dep't 2005).

In order to demand repayment of commissions under the Agency Agreement, the insurer must: (1) "effect or procure the surrender, rescission or cancellation of any policy," and (2) "refund premiums paid thereon." (Declaration of Jalen Lohman, Docket No. 35, Ex. A. at V.F.) Defendant contends that these provisions apply "if only the premiums are refunded," (Def.'s Opp. ¶ 4) (emphasis in original), and do not apply where the insurer pays "a substantial portion of the actual policy amounts" in addition to refunding the premiums. (*Id.* ¶ 5.) Despite Defendant's contentions, the Court cannot find such provisions anywhere in the Agency Agreement, and Defendant fails to provide citations to any such provisions. The Court instead finds that the terms of the Agency Agreement concerning demand for repayment of commissions are clear and unambiguous on their face. It is therefore of no consequence whether Plaintiff paid any portion of the policy amounts, or offered any other consideration, to the policy holder in order to procure the rescission of the 2006 Policy.

It is clear that Plaintiff procured the rescission of, and refunded the premiums paid on, the 2006 Policy. (Pl.'s 56.1 ¶¶ 12-13.) Having satisfied both requirements of the Agency Agreement, Plaintiff is entitled to demand repayment of the commissions paid to Defendant in connection with the 2006 Policy. Defendant's failure to repay the commissions constitutes a breach of the Agency Agreement.

Defendant's contention that he is released from any claims for the repayment of commissions is not persuasive. The Confidential Settlement Agreement and Release cited by Defendant relates to the 2005 Policy, which is decidedly not the subject of the instant action. Notwithstanding the meaning of the terms of that agreement, on which this Court takes no position, it simply has no bearing on the 2006 Policy and the instant action.

Accordingly, Plaintiff is entitled to summary judgment on its claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 32, enter judgment in favor of Plaintiff, and to close the case.

Dated: January 21st, 2016
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge