USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN GENERAL LIFE INSURANCE
COMPANY,

                        Plaintiff,

-against-

DAVID GOTTDENGER

                        Defendant.

No. 09-cv-07083 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff American General Life Insurance Company ("Plaintiff") commenced this action against Defendant David Gottdenger ("Defendant") asserting claims for, *inter alia*, breach of contract. Plaintiff's claims arise out of the payment of compensation and commissions to Defendant in connection with the issuance of life insurance policies by Plaintiff in 2005 and 2006.

Before the Court is Plaintiff's motion for summary judgment seeking reimbursement of all compensation and fees paid to Defendant under the 2005 policy.[1] For the following reasons, Plaintiff's motion is GRANTED without opposition.

## BACKGROUND

Defendant entered into an Agency Agreement (the "Agency Agreement") with Plaintiff on or about October 18, 2005. (Klotz Affid., para. 2.) The Agency Agreement authorized Defendant to solicit life insurance applications for Plaintiff, for which Defendant would be paid commissions if and when Plaintiff issued the insurance policies. (Ex. A, Agency Agreement,

---

[1] By order of this Court, dated January 21, 2016, Plaintiff was granted summary judgment on its claim for breach of contract related to the 2006 policy. (Doc. No. 40).

Copies mailed/faxed 9/20/2017
Chambers of Nelson S. Román, U.S.D.J.

Sec. I.) The Agency Agreement included a provision for the return of commissions paid in certain circumstances:

> Whenever, after delivery, the insurer shall effect or procure the surrender, rescission or cancellation of any policy and refund premiums paid thereon, the insurer shall have the right to charge back commissions and demand that the REPRESENTATIVE repay such commissions to the insurer.

(*Id.,* Sec. V.F.)

As is relevant to this motion, in December 2005, Plaintiff executed, issued, and delivered a life insurance policy ("2005 Policy") to insure the life of D.S. (Klotz Affid., para. 3.) The policy was issued as a result of Defendant's efforts as agent for Plaintiff. Defendant received, as agreed, compensation and commissions from Plaintiff for the 2005 Policy. (Klotz Affid., para. 5.)

Following the death of D.S. and the initiation of legal action by Plaintiff as a result of material misrepresentations in the applications underlying the policy, the 2005 Policy was rescinded (Declaration of Robert Lesko, Ex. A), and all premiums paid were refunded. (Klotz Affid., para. 7.) Despite rescission of the 2005 Policy, the refunding of the premiums, and Plaintiff's demand for repayment, Defendant has yet to repay all commissions and fees. (*Id.*, para. 8.) As of September 2016, Defendant owes Plaintiff $162,110.27 in outstanding commission debt. (*Id.*)

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s]

the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."(*Id.* at 248); *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summary order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." (*Id.* at 250).

Local Civil Rule 56.1(b) requires that the non-moving party's "papers opposing a motion for summary judgment . . . include a correspondingly numbered paragraph responding to each numbered paragraph in the [56.1] statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Loc. Civ. R. 56.1(b). Defendant failed to submit a 56.1 statement in opposition to Plaintiff's motion as required by the Court's local rules. Defendant's failure to specifically controvert the statements made in Plaintiff's 56.1 statement results in Plaintiff's statements being deemed admitted for purposes of

3

this motion. Loc. Civ. R. 56.1(c); see *Davis-Bell v. Columbia Univ.*, 851 F. Supp. 2d 650, 658 (S.D.N.Y. 2012). Nevertheless, in light of Defendant's pro se status, the Court has conducted its own review of the record and confirmed that the facts set forth below are undisputed. See *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("While a court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements, it may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement.") (internal quotation marks and citations omitted).

Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Moreover, "[a non-moving party's] self-serving statement, without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment." *Fincher v. Depository Trust & Clearing Corp.*, No. 06 Cv. 9959 (WHP), 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008) *aff'd*, 604 F.3d 712 (2d Cir. 2010) (citing *Gonzales v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 353 (S.D.N.Y. 2003)).

**DISCUSSION**

Plaintiff seeks repayment of the commissions paid to Defendant in connection with the issuance of the 2005 Policy based on the terms of the Agency Agreement. To determine whether summary judgment is appropriate, the Court turns to the terms of the Agency Agreement itself.

It is well settled, contracts (agreements) are to be interpreted in accordance with the parties' intent. *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002). The best evidence of the parties' intent is what is contained within their writing. (*Id.*) (quoting *Slamow v. Del Col*, 79 N.Y.2d 1016, 1018 (1992)); *see also Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 180 (2d Cir. 2010) ("When interpreting a contract, the 'intention of the parties should control . . . [, and] the best evidence of intent is the contract itself.'") (internal citation omitted) (alteration in original). Words of a contract are to be given a "fair and reasonable meaning" in accordance with the parties' intent. *Sutton v. E. River Sav. Bank*, 55 N.Y.2d 550, 555 (1982) (quoting *Heller v. Pope*, 250 N.Y. 132, 135 (1928)). The terms of an agreement must be considered not in isolation from context, but in light of the overall obligation and intention of the parties as manifested therein. *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (citing *Kass v. Kass*, 91 N.Y.2d 554, 566 (1998)).

When there exists a dispute over the meaning of a contract, the court must determine whether the terms are ambiguous. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2d Cir. 2000). Whether the terms of a contract are ambiguous or unambiguous is a question of law for the court to decide. (*Id.*). An agreement that is clear and unambiguous on its face must be enforced according to the plain meaning of its terms. *See Greenfield*, 98 N.Y.2d at 569 (citing *R/S Assoc. v. N.Y. Job Dev. Auth.*, 98 N.Y.2d 29, 32 (2002)). Where the language of an agreement is deemed ambiguous, "its construction presents a question of fact which may not be

resolved by the court on a motion for summary judgment." *Pepco Constr. of N.Y., Inc. v. CNA Ins. Co.*, 15 A.D.3d 464, 465 (2d Dep't 2005).

In order to demand repayment of commissions under the Agency Agreement, the insurer must: (1) "effect or procure the surrender, rescission or cancellation of any policy," and (2) "refund premiums paid thereon." Given the clear language contained in the agreement, the Court determines Plaintiff-movant has met the requisite standard for repayment of commissions and fees. Defendant has failed to proffer any facts, in evidentiary form, to raise a genuine dispute. Having satisfied both requirements of the Agency Agreement, Plaintiff is entitled to demand repayment of the commissions paid to Defendant. Defendant's failure to repay the commissions constitutes a breach of the Agency Agreement. Accordingly, Plaintiff is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED. The Court respectfully directs the Clerk of the Court to enter judgement in favor of Plaintiff in the amount of $162,110.27, with interest, on Plaintiff's breach of contract claim as it relates to the 2005 Policy. The Clerk of the Court is further directed to terminate the motion at ECF Doc. No. 54, and to close the case.

Dated: September 20, 2017  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge